```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF TEXAS
                 CORPUS CHRISTI DIVISION
```

EDELMIRO SOSA,                          §
                                        §
            Plaintiff,                  §
v.                                      §    Civil Action No. C-06-149
                                        §
CITY OF CORPUS CHRISTI, ET AL.,         §
                                        §
            Defendants.                 §

## ORDER GRANTING CITY OF CORPUS CHRISTI'S
## MOTION FOR PARTIAL SUMMARY JUDGMENT

On this day came on to be considered Defendant City of Corpus Christi's Motion for Partial Summary Judgment (D.E. 18). For the reasons stated herein, the Court GRANTS the Motion.

### I. JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) over plaintiff's constitutional claims, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over plaintiff's state law claims.

### II. PROCEDURAL BACKGROUND

Plaintiff Edelmiro Sosa ("Plaintiff") filed suit on March 30, 2006, against the City of Corpus Christi ("City") and two of its police officers, Norman Morton and Jamie Silva, claiming that these officers violated his constitutional rights on September 21, 2003, in the course of responding to a disturbance call at his residence. (D.E. 1). In particular, plaintiff claims that the officers used excessive force against him resulting in injuries, and conducted an illegal search and seizure. He is suing Officer Morton and Officer

Silva in their individual and official capacities, and he is suing the City alleging that it has a policy or practice of allowing its officers to use excessive force, and that it fails to train its officers properly.  Plaintiff has also sued defendants on numerous state law tort theories.

On May 18, 2006, the City filed its motion for partial summary judgment seeking to dismiss plaintiff's Fourth Amendment claims on the grounds that limitations has run and that plaintiff is not entitled to tolling (D.E. 18). Plaintiff has filed a response in opposition(D.E. 26), to which the City has filed a reply (D.E. 29).

### III.    SUMMARY JUDGMENT EVIDENCE AND UNCONTESTED FACTS

In support of its motion for summary judgment, the City states that it relies on the facts as stated in Plaintiff's original complaint.  See D.E. 18 at ¶ 5.  Thus, the following facts are not in dispute:

On September 21, 2003, at approximately 1:30 a.m., Officers Morton and Silva knocked at Plaintiff's front door and stated that they were looking for Plaintiff's son in response to a disturbance call.  (POC at ¶¶ 7-8.)  Plaintiff informed the officers that "they must have the wrong apartment because the only disturbance that was going on was from the party next door."  (POC at ¶ 8.) The officers accused Plaintiff of having an attitude and being drunk.  (Id.)

The officers told Plaintiff that his daughter-in-law had called regarding her husband hitting her and her child.  (POC at

.

¶ 9). Plaintiff indicated that he did not believe his daughter-in-law would make such accusations, and the officers became aggressive. (Id.) The officers handcuffed Plaintiff's son and told Plaintiff to get him a shirt. (POC at ¶¶ 9-10.) As Plaintiff was going to get the shirt, Officer Morton threw him to the ground. (POC at ¶ 10.) The officers "proceeded to beat Plaintiff with batons repeatedly as he lay defenseless on the ground." (Id.) The officers told him he was under arrest for resisting arrest and public intoxication. (Id.)

In an unsigned complaint filed September 22, 2003, Plaintiff was charged with resisting arrest, search, or transportation. (POC at ¶ 13; PSJR Ex. 1 (copy of unsigned criminal complaint.)) On July 15, 2004, the criminal charge against him was dismissed. (PSJR Ex. 2 (copy of docket.))

## IV. DICUSSION

### A.  Summary judgment Standard.

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment bears the initial burden of informing the court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, admissions

on file, and affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Williams v. Adams, 836 F.2d 958, 960 (5th Cir. 1988). Once a proper motion has been made, the non-moving party may not rest upon mere allegations or denials in the pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. Celotex Corp., 477 U.S. at 322; Anderson v. Liberty Lobby Inc., 477 U.S. 242, 256(1986); Topalian v. Ehrman, 954 F.2d 1125, 1131 (5th Cir.), cert. denied, 113 S. Ct. 82 (1992). The Court must draw all justifiable inferences from the evidence in the light most favorable to the nonmoving party. Quorum Health Res., L.L.C. v. Maverick County Hosp., 308 F.3d 451, 458 (5th Cir. 2002).

**B.   Section 1983 claims.**

   **(1)   Statute of limitations.**

The City moves for summary judgment to dismiss as barred by limitations plaintiff's Fourth Amendment claims of excessive force and illegal search and seizure.[1]

The limitations period for a claim brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. Piotrowski v. City of Houston, 237 F.3d 567, 576 (5th Cir. 2001). In Texas, the applicable period is

---

[1] The City does not address plaintiff's § 1983 claims of malicious prosecution, false arrest and false imprisonment, and therefore, they remain pending.

two years.  Tex. Civ. Prac. & Rem. Code Ann. § 16.003(a) (Vernon 2002)("a person must bring suit for . . . personal injury . . . not later than two years after the day the cause of action accrues"); Piotrowski, 237 F.3d at 576 (noting Texas has a two year statute of limitations and § 1983 claims must be brought not later than two years after the date the cause of action accrues).

Although state law governs the substantive limitations period, federal law determines when a § 1983 claim accrues.  Hitt v. Connell, 301 F.3d 240, 246 (5th Cir. 2002).  A § 1983 claim accrues when a plaintiff "knows or has reason to know of the injury which is the basis of the action."  Jackson v. Johnson, 950 F.2d 263, 265 (5th Cir. 1992).

In this case, plaintiff's Fourth Amendment claims against the City accrued on the date of the alleged excessive force and the illegal search: September 21, 2003.  He thus had two years from that date to file his lawsuit, that is, until September 21, 2005. His complaint, filed on March 30, 2006, is over six-months too late, and is barred by limitations.

**(2) Tolling.**

Federal courts applying the state's statute of limitations are to give effect to the state's tolling provisions.  See Hardin v. Straub, 490 U.S. 536, 541-43 (1989); Burwell v. Newsome, 883 F.2d 416, 418 (5th Cir. 1989).  Plaintiff argues that, under Heck v. Humphrey, 512 U.S. 477 (1994), and its progeny, limitations was

tolled during the pendency of the criminal charge against him for resisting arrest, and that limitations did not begin to run until the charges were dismissed on July 15, 2004. Under Plaintiff's reasoning, limitations began to run on July 16, 2004, and thus limitations would not expire until July 15, 2006, such that Plaintiff's complaint, filed on March 30, 2006, is timely.

However, Plaintiff's reliance on Heck is misplaced. Heck holds that a plaintiff seeking monetary damages under § 1983 for an unlawful conviction or arrest, must first establish by way of habeas corpus or some parallel proceeding that the conviction or sentence was unlawful and it must be overturned or set aside. Heck, 512 U.S. at 485-87. In Heck, the plaintiff filed a § 1983 action against county prosecutors and state police claiming that they had engaged in an unlawful and unreasonable investigation that lead to his arrest and conviction in violation of his constitutional rights. Heck, 512 U.S. at 479. The Supreme Court noted that, if plaintiff were to prevail on his claim against the defendants, it would necessarily demonstrate the invalidity of his conviction. Id. at 481-82. The Court concluded:

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a ***conviction*** or ***sentence*** invalid, a § 1983 plaintiff must prove that the ***conviction*** or ***sentence*** has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a

>federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254.

Heck, 512 U.S. at 487 (emphasis added).

In this case, Plaintiff did not have to take any steps to set aside a ***conviction*** or ***sentence***. The criminal charges against him were dismissed back in July 2004. He was not wrongfully prosecuted, convicted and held in custody. There was no ***conviction*** or ***sentence*** to reverse on appeal, to have expunged by executive order, declared invalid by a state tribunal, or questioned by issuance of a federal writ. Heck, 512 U.S. at 487.

Moreover, it is clear that in the Heck situation, limitations is tolled while the ***plaintiff*** takes some affirmative action, i.e., pursues habeas corpus relief. In this case, it was the County prosecutor who made the decision to dismiss the case. (See PSJR Ex. 2.) Whether the County prosecutor proceeded with the charges against plaintiff or dropped them altogether had no bearing on plaintiff's excessive force or illegal search claim against the officers and the City or his ability to pursue those claims. As such, Heck does not apply in this instance.

Further, the Fifth Circuit has specifically found that excessive force and illegal search claims are ***not*** tolled during the pendency of a criminal proceeding. Price v. City of San Antonio, 431 F.3d 890 (5th Cir. 2005). The facts of Price are similar to the facts of the case *sub judice*. On October 31, 2001, Price was involved in an altercation with a neighbor and the police were

called.  Price, 431 F.3d at 891.  Price claimed that the police beat him with their batons without provocation, and on the same date, he was charged with the felony offense of attempting to take a weapon from a police officer.  Id.  On April 19, 2002, the felony charge was dismissed and he was charged with the misdemeanor offense of interfering with public duties.  Id.

On November 3, 2003, Price filed a § 1983 action alleging excessive force, false arrest, and malicious prosecution against the officers and the City of San Antonio.  Id.  San Antonio moved to dismiss Price's claims as barred by limitations.  Id.  The Fifth Circuit explained that the excessive force claim was separate and distinct from the false arrest and prosecution claims, and found that Price had factual knowledge of any injuries received on the date of the incident such that his excessive force and illegal search claims necessarily accrued on October 31, 2001.  Price, 431 F.3d at 892-93.  Applying the two-year statute of limitations, the Fifth Circuit found that Price's claims of excessive force and illegal search raised in his complaint filed on November 3, 2003, were three days too late, and were thus barred by limitations.  Id. at 893.

Applying the reasoning of the Price decision to this case, there is no genuine issue of a material fact that plaintiff's Fourth Amendment claims of excessive force and illegal search accrued on September 21, 2003.  These claims are separate and

distinct from any claims that plaintiff might have under § 1983 for false arrest or malicious prosecution, and therefore, neither <u>Heck</u> nor any other tolling provisions apply to extend limitations. The two-year statute of limitations applies, and plaintiff had until September 21, 2005, to file his § 1983 excessive force and illegal search claims against the City. He filed his complaint on March 30, 2006, over six months too late to raise these claims. Accordingly, the City is entitled to summary judgment in its favor on plaintiff's § 1983 claims against it for excessive force and illegal search.

**C.   State law claims.**

The City moves for summary judgment on plaintiff's state law claims of: (1) false arrest and false imprisonment; (2) intentional infliction of emotional distress; (3) assault and battery; and (4) malicious prosecution. Plaintiff concurs that he is not asserting state law claims against the City nor seeking damages against it for negligence or attempting to hold it liable under any theory of tort recovery. (<u>See</u> PSJR at 8-9.) Accordingly, the City's motion for summary judgment to dismiss plaintiff's state law claims against it is GRANTED.

**D.   Punitive damages.**

The City seeks summary judgment against plaintiff for any punitive damages. Plaintiff points out he did not seek punitive damages against the City as he recognizes that punitive damages

- 9 -

cannot be awarded against municipalities as a matter of law. (PSJR at 9.)  See City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 271 (1981)(exemplary damages are not recoverable under the Constitution, § 1983, or § 1985 against a municipality); Tex. Civ. Prac. & Rem. Code § 101.024 (prohibiting recovering of exemplary damages). Because plaintiff did not seek punitive damages against the City, this issue is moot.

## V. CONCLUSION

For the reasons set forth above, Defendant City of Corpus Christi's Motion for Partial Summary Judgment (D.E. 18) is GRANTED. Plaintiff's Fourth Amendment claims of excessive force and illegal search and seizure are dismissed with prejudice as barred by limitations.  To the extent Plaintiff has alleged claims under Texas state law against the City for false arrest and false imprisonment, intentional infliction of emotional distress, assault and battery, and malicious prosecution, the City is granted summary judgment in its favor and those claims are dismissed with prejudice. Plaintiff is not entitled to exemplary damages against the City, nor has he sought any, and any claim for relief on that issue is denied as moot.

Plaintiff's § 1983 claims for false arrest, false imprisonment and malicious prosecution against the City remain to be

adjudicated, as do Plaintiff's claims against the individual officers.

    SIGNED and ENTERED this 12th day of July, 2006.

                                            _____
                                                  Janis Graham Jack
                                           United States District Judge